Bryant, Jr., d. b. a. C. W. Bryant, Jr., Co. v. Topper-Goldberg Iron Co.

*Court of appeals—Appellate jurisdiction—Proceeding to amerce sheriff—Section 12103, General Code.*

A judgment of the court of common pleas in a proceeding to amerce a sheriff under Section 12103, General Code, is not appealable to the court of appeals.

(Decided February 13, 1923.)

Appeal: Court of Appeals for Franklin county. On Motion to dismiss appeal.

*Mr. Frank S. Monnett,* for plaintiff.

*Mr. John R. King,* prosecuting attorney, and *Mr. Wilbur E. Benoy,* assistant prosecuting attorney, for Holycross, Sheriff, et al.

Allread, J. This case is submitted on a motion to dismiss the appeal. The proceeding in the court of common pleas was one instituted under the provisions of Section 12103, General Code, to amerce the sheriff for failure to levy an execution upon a judgment rendered by the municipal court and was brought on to the execution docket of the court of common pleas by transcript.

The appellant contends that the proceeding now embodied in Section 12103 originated in chancery. No doubt there was a remedy in chancery to require sheriffs, as well as other trustees, to account, and to perform their statutory duties. The statute under consideration here affords an entirely different remedy. It is a summary remedy with

penalty. It is classified by the codifying commission under the head of "Quasi-Criminal Actions." While this classification is not conclusive, we think it is correct. In the early case of *Bushnell* v. *Eaton*, Wright, 720, it was held in a case against the sheriff:

"The amercement is a penal proceeding, varying from the course of the common law, and only to be pursued when expressly authorized by law."

In the case of *Wadsworth, Sheriff*, v. *Parsons*, 6 Ohio, 450, it was held that no pleadings are necessary. In the case of *Langdon* v. *Summers' Admr.*, 10 Ohio St., 77, it was said, page 80:

"The statute is highly penal in its provisions."

This has been the uniform tenor of the decisions on this subject in the courts of this state.

Counsel for appellant cites decisions in other states holding that an amercement proceeding is appealable. Those decisions are necessarily based upon the laws of those states regulating appeals. The procedure here being quasi-criminal this case is not a chancery case, and, therefore, not appealable.

*Motion to dismiss appeal sustained.*

KUNKLE and FERNEDING, JJ., concur.